J. Andrew Coombs (SBN 123881)  
*andy@coombspc.com*  
Nicole L. Drey (SBN 250235)  
*nicole@coombspc.com*  
J. Andrew Coombs, A P.C.  
517 East Wilson Avenue, Suite 202  
Glendale, California 91206  
Telephone: (818) 500-3200  
Facsimile: (818) 500-3201  

Attorneys for Plaintiffs Sanrio, Inc.  
and Disney Enterprises, Inc.  

Kun Hyong Song a/k/a Kevin Song  
Sung Song  
Jessica Trading  
17908 Holmes Ave.  
Cerritos, California 90703  
Telephone: (213) 446-6431  

Defendants, *in pro se*

JS 6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sanrio, Inc. and Disney Enterprises, Inc., <br> Plaintiffs, <br> v. <br> Jessica Trading, Kun Hyong Song a/k/a Kevin Song, Sun Song and Does 1-10, inclusive, <br> Defendants. | Case No. CV08-6293 DSF (JTLx) <br><br> CONSENT DECREE PURSUANT TO STIPULATION |

The Court, having read and considered the Joint Stipulation for Entry of Consent Decree that has been executed on behalf of Plaintiffs Sanrio, Inc. and Disney Enterprises, Inc. (collectively "Plaintiffs"), on the one hand, and Defendants Jessica Trading, Kun Hyong Song a/k/a Kevin Song, and Sung Song (collectively "Defendants"), on the other hand, and good cause appearing therefor, hereby:

ORDERS that this Consent Decree shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 101 et seq., 17 U.S.C. § 501, 15 U.S.C. § 1051 et seq., 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367. Service of process was properly made against Defendants, and each of them.

2) Sanrio, Inc. is the owner of all rights in and to the copyright and trademark registrations listed in Exhibits "A" and "B", attached hereto and incorporated herein by this reference, and the copyrights and trademarks associated with the same.

3) Disney Enterprises, Inc. is the owner of all rights in and to the copyright and trademark registrations listed in Exhibits "C" and "D" attached hereto and incorporated herein by this reference, and the copyrights and trademarks associated with the same. (The characters, images, trademarks and copyrights identified in Exhibits A, B, C and D are collectively referred to herein as "Plaintiffs' Properties.")

4) Plaintiffs have expended considerable resources in the creation and commercial exploitation of Plaintiffs' Properties on merchandise such as clothing and other products, and in the enforcement of their intellectual property rights in Plaintiffs' Properties.

5) Plaintiffs have alleged that the Defendants, and each of them, have made unauthorized uses of Plaintiffs' Properties or substantially similar likenesses or colorable imitations thereof.

6) The Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the injunction are hereby restrained and enjoined from:

    a) Infringing Plaintiffs' copyrights and trademarks in Plaintiffs' Properties, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling, offering

for sale, any unauthorized product which features any of Plaintiffs' Properties ("Unauthorized Products"), and, specifically:

b)	Importing, manufacturing, distributing, advertising, selling, offering for sale, the Unauthorized Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiffs' Properties;

c)	Importing, manufacturing, distributing, advertising, selling, offering for sale, renting or offering to rent in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of Plaintiffs' Properties;

d)	Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, the Defendants' customers and/or members of the public to believe, the actions of the Defendants, the products sold by Defendants, or the Defendants themselves are connected with Plaintiffs, are sponsored, approved or licensed by Plaintiffs, or are affiliated with Plaintiffs;

e)	Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, selling, offering for sale, or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiffs.

7)	Each side shall bear its own fees and costs of suit.

8)	This Consent Decree shall be deemed to have been served upon Defendants, and each of them, at the time of its execution by the Court.

9) The Court finds there is no just reason for delay in entering this Consent Decree and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Consent Decree against Defendants.

10) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Consent Decree.

Dated: 4/10/09

_____
Hon. Dale S. Fischer
Judge, United States District Court for the Central District of California

Presented By:

J. Andrew Coombs, A Prof. Corp.

By: _____
    J. Andrew Coombs
    Nicole L. Drey
Attorneys for Plaintiffs Sanrio, Inc. and Disney Enterprises, Inc.

Jessica Trading

By: _____
Its:
Defendant

Kun Hyong Song a/k/a Kevin Song

By: _____
    Kun Hyong Song a/k/a Kevin Song
Defendant and on behalf of Jessica Trading

Sung Song

By: _____
    Sung Song
Defendant and on behalf of Jessica Trading